**FILED**

Jul 10 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ CharityW          DEPUTY

1  Zach Tuck
   1600 E. Vista Way #85
2  Vista, CA 92084
   Ph: 619-887-3732
3  office@palms2u.com

4  Plaintiff In Pro Se

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10  **ZACH  TUCK**,                              )  Case No.  **'19CV1270 BAS LL**
                                                 )
11             Plaintiff,                         )  **COMPLAINT FOR**
                                                 )  **DAMAGES AND INJUNCTIVE**
12  vs.                                           )  **RELIEF PURSUANT TO**
                                                 )  **VIOLATIONS OF THE**
13  **PORTFOLIO RECOVERY ASSOCIATES L.L.C**)
    a foreign corporation, identity unknown,     )  1) TELEPHONE CONSUMER
14  **PRA GROUP**                                 )     PROTECTION ACT
    a foreign corporation, identity unknown,     )     **[TCPA] 47 U.S.C.§227 et seq**.
15  **DIVERSIFIED CONSULTANTS INC.**             )
    a foreign corporation, identity unknown,     )  2) FAIR DEBT COLLECTIONS
16  **COLLECTION AT LAW INC.**                   )     PRACTICES ACT
    a foreign corporation, identity unknown,     )     **[FDCPA] 15 U.S.C.§1692 et seq.**
17  **NATIONAL CREDIT ADJUSTERS, L.L.C**        )
    a foreign corporation, identity unknown,     )  3) FAIR CREDIT REPORTING ACT
18  **ENHANCED RECOVERY COMPANY L.L.C**         )     **[FCRA] 15 U.S.C.§1681 et seq**.
    a foreign corporation, identity unknown,     )
19  **ARS NATIONAL SERVICES, INC.**             )  4) CONSUMER CREDIT REPORTING
    a foreign corporation, identity unknown,     )     AGENCIES ACT
20  **FIRSTSOURCE ADVANTAGE L.L.C**             )     **[CCRAA] Civil Code §1785 et seq.**
    a foreign corporation, identity unknown,     )
21  **AFNI**                                      )  5)CALIFORNIA ROSENTHAL FAIR DEBT
    a foreign corporation, identity unknown,     )     COLLECTION PRACTICES ACT
22  **NC FINANCIAL SOLUTIONS, INC.**            )     **[CRFDCPA] Civil Code §1788 et seq.**
    a foreign corporation, identity unknown,     )
23  **NET CREDIT**                               )  6) **DECLARATORY RELIEF**
    a foreign corporation, identity unknown,     )
24  **REVIVER FINANCIAL L.L.C**                 )
    a foreign corporation, identity unknown,     )
25  **WELLS FARGO BANK.**                       )
    a foreign corporation, identity unknown,     )
26  **WELLS FARGO CARD SERVICES**               )
    a foreign corporation, identity unknown,     )
27  **ALLIANCE ONE RECEIVABLES**                )
    **MANAGEMENT INC.**                          )
28  a foreign corporation, identity unknown,     )

"COURT COPY1"

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    PAGE 1

| | |
|---|---|
| 1  **SIMM ASSOCIATES INC.**<br>a foreign corporation, identity unknown,<br>2  **TRANS UNION L.L.C**<br>a national credit reporting agency,<br>3  **EXPERIAN INFORMATION SOLUTIONS INC**<br>a national credit reporting agency,<br>4  **EQUIFAX INFORMATIONS SERVICES L.L.C**<br>a national credit reporting agency,<br>5  a national credit reporting agency,<br>**DOES 1 thru 10 inclusively,**<br>6<br>Defendants.<br>7 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **DEMAND FOR JURY TRIAL**<br>)<br>) |

8

9

10                          **COMPLAINT**

11          COMES NOW, ZACH TUCK, Plaintiff, In Pro Se in the above-entitled case as

12  an individual _hereby sues_ the _above-named Defendants_ and makes the following allegations

13  and claims against all of these same said Defendants for strict statutory violations of:

14  1) **[TCPA]**          The Telephone Consumer Protection Act **47 U.S.C.§227** _et.seq._,

15  2) **[FDCPA]**        The Fair Debt Collection Practices Act **15 U.S.C. §1692** _et seq._,

16  3) **[FCRA]**          The Fair Credit Reporting Act **15 U.S.C. §1681** _et seq._,

17  4) **[CCRAA]**       Consumer Credit Reporting Agencies Act California **CC §1785** _et seq._,

18  5) **[CRFDCPA]**    California Rosenthal Fair Debt Collection Practices Act **CCC§1788 et seq.**,

19  6) Declaratory relief as the honorable court deems appropriate.

20

21          **I.   PRELIMINARY STATEMENT**

22          **1.** This is an action for damages and injunctive relief brought to this

23  Ninth Circuit U.S. District Court by Plaintiff ZACH TUCK (hereinafter "TUCK")

24  against **_all_** of the above-named Defendant's as follows:

25          **2.** For numerous strict statutory violations of the **[TCPA]** Telephone Consumer

26  Protection Act as follows:

27          •    **[TCPA]** 47 U.S.C. **§227(b)(1)(A),**

28          •    **[TCPA]** 47 U.S.C. **§227(b)(1)(A)(iii),**

3. For numerous strict statutory violations of the **[FDCPA]** Fair Debt Collection Practices Act as follows:

- [FDCPA] Fair Debt Collection Practices Act **15 U.S.C. §1692c(a)(1)**,
- [FDCPA] Fair Debt Collection Practices Act **15 U.S.C. §1692d(5)**,
- [FDCPA] Fair Debt Collection Practices Act **15 U.S.C. §1692d(6)**,
- [FDCPA] Fair Debt Collection Practices Act **15 U.S.C. §1692e(10)**,

4. For numerous strict statutory violations of the **[FCRA]** Fair Credit Reporting Act as follows:

- [FCRA]   Fair Credit Reporting Act **[ FCRA ] 15 U.S.C. §1681s-2(a)(7)(A)**,
- [FCRA]   Fair Credit Reporting Act **[ FCRA ] 15 U.S.C. §1681s-2(a)(8)(E)**,
- [FCRA]   Fair Credit Reporting Act **[ FCRA ] 15 U.S.C. §1681s-2(a)(3)**,
- [FCRA]   Fair Credit Reporting Act **[ FCRA ] 15 U.S.C. §1681s-2(B)(ii)(iii)**,

5. For numerous strict statutory violations of multiple California *State counterparts* of the above-pled Federal Statutes/laws or [**CCRAA** ] California Consumer Credit Reporting Agencies Act **California Civil Code §1785** *et seq.*.

6. For numerous strict statutory violations of multiple California *State counterparts* of the above-pled Federal Statutes/laws or [**CRFDCPA** ] California Rosenthal Fair Debt Collections Practices Act **California Civil Code §1788** *et seq.*

7. <u>**The Telephone Consumer Protection Act of 1991 [TCPA]**</u> was passed by the United States Congress in 1991 and signed into law by President George H. W. Bush as Public Law 102-243. It amended the Communications Act of 1934. The **TCPA** is codified as **47 U.S.C. § 227.**

> **[1] The TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message. Unless the recipient has given prior express consent, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:**

[2] Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time. Requires solicitors maintain a company-specific "do-not-call" (DNC) list of consumers who asked not to be called; the DNC request must be honored for 5 years. Requires solicitors honor the National Do Not Call Registry. Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted. Prohibits solicitations to residences that use an artificial voice or a recording.

[3] <u>Prohibits</u> any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the *<u>recipient is charged for the call</u>*.

[4]Prohibits auto-dialed calls that engage two or more lines of a multi-line business. Prohibits unsolicited advertising faxes. In the event of a violation of the TCPA, a subscriber may (1) sue for up to $500 for each violation or recover actual monetary loss, whichever is greater, (2) seek an injunction, or (3) both.

[5] In the event of a willful violation of the TCPA, a subscriber may sue for up to three time the damages, i.e. $1,500, for each violation.

[6] When Congress passed the TCPA in 1991, it delegated the do-not-call rules to the FCC. Congress suggested that the FCC's do-not-call regulations "may require the establishment and operation of a single national database".

[7] The FCC did not adopt a single national database but rather required each company to maintain its own do-not-call database.

[8] The FCC's initial do-not-call list regulations were ineffective at proactively stopping unsolicited calls because the consumer had to make a do-not-call request for each telemarketer. In 2003, the Federal Trade Commission — not the FCC and not the agency entrusted with the TCPA — established the National Do Not Call Registry and implemented regulations prohibiting <u>commercial telemarketers</u> from making unsolicited sales calls to persons who did not wish to receive them. After being challenged in court by the telemarketing industry,[citation needed] the National Do Not Call Registry received Congressional ratification in the speedy enactment of Do-Not-Call Implementation Act.

8.   <u>The FDCPA Fair Debt Collection Practices Act</u> regulates the behavior of collection agencies attempting to collect a consumer debt *on behalf of another entity*. The United States Congress has found *<u>abundant evidence of the use of abusive, deceptive, and unfair consumer debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy</u>*. Congress enacted the **FDCPA** to *eliminate abusive consumer debt collection practices by*

1 | *debt collectors*, to ensure that those debt collectors who refrain from using abusive debt
2 | collection practices are not competitively disadvantaged, and to promote uniform State
3 | action to *protect consumers against debt collection abuses described* in[**15 U.S.C.§1692(a)(e)**].

4 |       **9.**    The **FDCPA** is a strict liability statute, which provides for actual and statutory
5 | damages upon the showing of *one violation*. The Ninth Circuit has held that whether a debt
6 | collector's conduct violates the **FDCPA** should be judged from the standpoint of the
7 | "*least sophisticated*" consumer.[**Baker v. G.C. Services Corp., 677 F.2d 775, 778**
8 | **(9th Cir. 1982)**; *Swanson v. Southern Oregon Credit Service, Inc.* **869 F.2d 1222, 1227**
9 | **(9th Cir. 1988)**].This objective standard "ensure[s] that the FDCPA *protects all consumers,*
10 | the *gullible as well as the shrewd ... the ignorant*, the *unthinkable* and the *credulous*."
11 | [*Clomon v. Jackson*, **988 F.2d 1314, 1318-19 (2nd Cir. 1993)**].

12 |       **10.** To prohibit deceptive practices the **FDCPA, at 15 U.S.C.§1692e**, outlaws the
13 | use of *false, deceptive,* and *misleading collection letters* and names a non-exhaustive list of
14 | certain per se violations of *false* and *deceptive collection conduct* **15 U.S.C.§1692e(1)-(16).**

15 |       **11.**    To prohibit *harassment and abuses* by debt collectors the **FDCPA**, at
16 | **15 U.S.C.§1692d**, provides that a debt collector *may not engage in any conduct the natural*
17 | *consequences of which is to harass, oppress, or abuse any person in connection with the*
18 | *collection of a consumer debt* and names a non-exhaustive list of certain per se violations of
19 | harassing and abusive collection conduct **15 U.S.C.§1692d(1)-(6).** Among these per se
20 | violations prohibited by this section are: *any collection activities and the placement of*
21 | *telephone calls without meaningful disclosure of the callers identity* [**15 U.S.C.§1692d(6)**].

22 |       **12.** The **FDCPA** also prohibits, at **15 U.S.C.§1692c**, *without the prior consent of the*
23 | *consumer given directly to the debt collector*, or the *express written permission of a court of*
24 | *competent jurisdiction*, or as reasonably necessary to effectuate a post judgement judicial
25 | remedy, communication by a debt collector in connection with the collection of *any*
26 | *consumer debt.*, with any person other than the consumer, his attorney, a consumer reporting
27 | agency if otherwise permitted by law.

28 |

13.     Congress enacted the **[FCRA] Fair Credit Reporting Act** to establish rights to privacy over their credit and financial information and to insure the "*[a]ccuracy and fairness of credit reporting.* "**FCRA** provides <u>several</u> protections for consumers, including but not limited to the *right to be notified of any negative/unfavorable information reported in their name* and the *right to dispute inaccurate, outdated and/or incomplete information* on their personal consumer credit files and reports.

14.     The **FCRA** regulates credit reporting agencies as well as creditors, collection agencies and other parties who *provide consumer credit information to credit reporting agencies and/or obtain and use the consumer credit reports.* **FCRA Section 623, 15 U.S.C.§1681s-2**, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report *accurate information*, correct and update erroneous information, and provide certain notices to consumers pertaining to furnished information.

15.  **FCRA Sections 616** and **617, U.S.C. §1681o**, create private right of action consumers can bring against violators of any provision of the **FCRA** with regards to their credit. In *DiMezza v. First USA Bank, Inc*. supra, the court confirmed that "[...] the plain language of **[CRA Sections 616 and 617, 15 U.S.C.§1681n and §1681o]** provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation reporting duties imposed on furnishers of information."

16.  *Gorman v. MBNA America Bank,* **N.A., No. 06-17226** further established Private Remedy Against Furnishers by consumers and **FCRA Section 1681s-2(b)** *triggers Defendant furnisher's liability under this section,* since Plaintiff made his initial written disputes with the credit reporting agencies CRA's.

17.     **California Civil Code §1785.15(f)** expressly states that consumers "have a right to bring civil action against anyone [...], who improperly obtains access to a file, *knowingly* or *willfully misuses file data,* or <u>*fails to correct inaccurate file data"*</u> concerning a consumer's credit report. Plaintiff has further right to action pursuant to

**Cal. Civ. Code §1785.31(a)**, which states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover actual, statutory, and punitive damages together with attorneys fees and costs, pursuant to **15 U.S.C. §1692(d)(5)**, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

18. *Sanai v. Saltz, et al.,* 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may re-plead their **FCRA** claims as violations of the **CCRAA** and that State claims are not preempted by the **FCRA**. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the **FCRA** bars State law claims. See *Sehl v. Safari Motor* discussion); *Harper v. TRW,* **881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995);** *Coaches, Inc.,* **2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001);***Rule v. Ford Receivables,* **36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999);** *Watkins v. Trans Union,* **118F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000)** *Swecker v. Trans Union,* **31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998);** *Saia v. Universal Card Svc.,* **2000 U.S. Dist. Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000);** *Sherron v. Private Issue by Discover,* **977 F. Supp.2d 804 (U.S.D.C. N.D. Miss 1997);** *Hughes v. Fidelity Bank,* **709 F. Supp.2d 639,  (U.S.D.C. E.D. Pa. 1989)**.

19. 15 U.S. C.§1692k(a) states that "... any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

20. **Cal Civ. Code §1788.30(a)** states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action..."

21. **[CCRAA] California Credit Reporting Agency Act** was implemented to protect the credit information of California consumers. The **CCRAA** also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their consumer credit file. **CCRAA in California Civil Code §1785.25-1785.26** *refrains* furnishers of consumer credit information from reporting information that *they know or should have known was*

1 *erroneous*, and obligates furnishers to *cease credit reporting* of information disputed by
2 consumers *after receiving a notice of such dispute* from individual consumers.

3    **22.**   **CCRAA** provides consumers with the *right to be informed of negative credit*
4 *reporting* and the *right to dispute information in their credit reports*, which they believe is
5 incomplete and/or inaccurate. Consumers also have the *right to bring civil actions against*
6 *violators of any provision of the CCRAA with respect to their rights and their credit, and*
7 *to seek monetary damages.* **California Civil Codes §1785.19 and §1785.31.**

8    **23.**   **The CRFDCPA California Rosenthal Fair Debt Collection Practices Act**
9 *regulates collection agencies and original creditors* the creditor, the attorney of the creditor,
10 or the attorney of the consumer debt collector has determined that the banking and credit
11 system and grantors of credit  to consumers are *dependent upon the collection of just and owing*
12 *debts* and that *unfair or deceptive collection practices undermine the public confidence that is*
13 *essential to the continued functioning of the banking and credit system and sound extensions of*
14 *credit to consumers*. The Legislature has further determined that there is a need that debt collectors
15 *exercise their responsibility with fairness, honesty, and due regard for the debtor's rights* and that
16 debt collectors must be *prohibited from engaging in unfair or deceptive acts or practices.*

## II. JURISDICTION AND VENUE

18    **24.**   Jurisdiction of this Court arises under **47 U.S.C.§227(b)(3)** and
19 **15 U.S.C. §1692(k)(d)**, supplemental jurisdiction also exists for the state law claims
20 pursuant to **California Stat.§1788** and **California Code of Civil Procedure §410.10.**

21    **25.**   The following Defendants:
22 • **PORTFOLIO RECOVERY ASSOCIATES LLC.**, a business entity, form unknown,
23 • **PRA GROUP**, a business entity, form unknown,
24 • **DIVERSIFIED CONSULTANTS INC.**, a business entity, form unknown,
25 • **COLLECTION AT LAW INC.**, a business entity, form unknown,
26 • **NATIONAL CREDIT ADJUSTERS**., a business entity, form unknown,
27 • **ENHANCED RECOVERY COMPANY LLC**, a business entity, form unknown,
28 • **ARS NATIONAL SERVICES, INC.**, a business entity, form unknown,

- **FIRSTSOURCE ADVANTAGE LLC**, a business entity, form unknown,
- **AFNI**, a business entity form unknown,
- **NC FINANCIAL SOLUTIONS, INC**, a business entity, form unknown,
- **NET CREDIT**, a business entity, form unknown,
- **REVIVER FINANCIAL LLC**, a business entity, form unknown,
- **WELLS FARGO BANK**, a business entity, form unknown,
- **WELLS FARGO CARD SERVICES**, a business entity, form unknown,
- **TRANS UNION LLC**., a National consumer credit reporting agency (hereinafter "CRA") as defined by **15 U.S.C. §1681(f),**
- **EXPERIAN INFORMATION SOLUTIONS INC.** , a National consumer credit reporting agency (CRA) as defined by **15 U.S.C. §1681(f),**
- **EQUIFAX INFORMATION SERVICES LLC**, a National consumer credit reporting agency (CRA) as defined by **15 U.S.C. §1681(f),**
- **DOES 1 thru 10** inclusively,

ALL conduct business in the State of California and therefore, personal jurisdiction is established. The jurisdiction of this court is further conferred by **15 U.S.C.§1681p.**

26. Pursuant to **28 U.S.C. §1391b** and **California Civil Procedure §395(a)** venue is proper

27. Venue in this Ninth District is proper in that Plaintiff TUCK resides in San Diego County.

28. The Defendant's all transact business in *San Diego County*, and the conduct complained of *occurred in San Diego County*.

29. This is an action for damages which *exceeds $50,000.00 U.S. Dollars*

## IV.   THE PARTIES

30. Plaintiff ZACH TUCK, (hereinafter **"TUCK"**) is a natural person and a resident of the State of California, San Diego North county, Vista, 92084.

31. Upon information and belief Defendant **PORTFOLIO RECOVERY ASSOCIATES LLC**, (hereinafter **"PRA"**) is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative or owing consumer debts from other companies.

1 Plaintiff believes PRA's President/CEO is Michael S. Godner with his corporate office
2 being located at 120 Corporate Blvd, Suite 100, Norfolk Virginia, 23502.

3     **32.** Upon information and belief Defendant **PRA GROUP** (hereinafter "**PRAG**") is
4 a nationwide consumer debt collection service which during the regular coarse of business
5 purchases and collects on *alleged* negative or owing consumer debts from other companies.
6 Plaintiff believes PRAG's President/CEO is Kevin Stevenson with his corporate office
7 being located at 130 Corporate Blvd. Suite 100, Norfolk, Virginia, 23502.

8     **33.** Upon information and belief Defendant **<u>DIVERSIFIED CONSULTANTS INC</u>**.
9 (hereinafter "**DCI**") is a nationwide consumer debt collection service using attorneys which
10 during the regular coarse of business purchases and collects on *alleged* negative or owing
11 consumer debts from other companies. Plaintiff believes DCI's President/CEO is Charlotte
12 Zehnder with her corporate office being located at 10550 Deerwood Park Blvd, Suite 2400,
13 Chicago, Illinois, 60606.

14     **34.** Upon information and belief Defendant **COLLECTION AT LAW INC.**,
15 (hereinafter "**CALI**") is a nationwide consumer debt collection service which during the
16 regular coarse of business purchases and collects on *alleged* negative or owing consumer
17 debts from other companies. Plaintiff believes CALI's President/CEO is Jon Blanda with
18 his corporate office being located at 3835 East Thousand Oaks Blvd. #R-349, Westlake Village,
19 CA, 91362.

20     **35.** Upon information and belief Defendant **NATIONAL CREDIT ADJUSTERS, L.L.C**.
21 (hereinafter "**NCA**") is a nationwide consumer debt collection service which during the
22 regular coarse of business purchases and collects on *alleged* negative or owing consumer
23 debts from other companies. Plaintiff believes NCA's President/CEO is Mark L. Huston
24 with his corporate office being located at 327 W. 4th Avenue, Hutchinson, Kansas, 67501.

25     **36.** Upon Information and belief Defendant **ENHANCED RECOVERY**
26 **COMPANY, L.L.C.,** (hereinafter "**ERC**") is a nationwide consumer debt collection service
27 which during the regular coarse of business purchases and collects on *alleged* negative or
28 owing consumer debts from other companies. Plaintiff believes ERC's President/CEO is

1  Kirk Moquin with his corporate office being located at 8014 Bayberry Road, Jacksonville,
2  Florida, 32256.

3      37.   Upon information and belief Defendant **ARS NATIONAL SERVICES INC**.,
4  (hereinafter "**ARSNSI**") is a nationwide consumer debt collection service which during the
5  regular coarse of business purchases and collects on *alleged* negative or owing consumer
6  debts from other companies. Plaintiff believes ANSI's President/CEO is Jason Howerton
7  with his corporate office being located at 201 West Grand Avenue, Escondido, CA 92025-2603.

8      38.   Upon information and belief Defendant **FIRST SOURCE ADVANTAGE L.L.C**.,
9  (hereinafter "**FSA**") is a nationwide consumer debt collection service which during the
10 regular coarse of business purchases and collects on *alleged* negative or owing consumer
11 debts from other companies. Plaintiff believes FSA's President/CEO is Rahul Basu with his
12 corporate office being located at 205 Bryant Wood South, Amherst, New York, 14228.

13     39.   Upon information and belief Defendant **AFNI.**., (hereinafter "**AFNI**") is a
14 nationwide consumer debt collection service which during the regular coarse of business
15 purchases and collects on *alleged* negative or owing consumer debts from other companies.
16 Plaintiff believes AFNI's President/CEO is BRUCE F. GRIFFIN with his corporate office
17 being located at 1310 Martin Luther King Drive, Bloomington, Illinois, 61702-3517.

18     40.   Upon information and belief Defendant **NC FINANCIAL SOLUTIONS INC**.,
19 (hereinafter "**NCFSI**") is a nationwide consumer debt collection service which during the
20 regular coarse of business purchases and collects on *alleged* negative or owing consumer
21 debts from other companies. Plaintiff believes NCFSI's President/CEO is Timothy C. Gokey
22 with his corporate office being located at 1310 Martin Luther King Drive, Bloomington,
23 Illinois, 61702-3517.

24     41.   Upon information and belief Defendant **NET CREDIT .**., (hereinafter "**NC**") is a
25 nationwide consumer debt collection service which during the regular coarse of business
26 purchases and collects on *alleged* negative or owing consumer debts from other companies.
27 Plaintiff believes NC's President/CEO is Sam Billing with his corporate office being
28 located at 200 W. Jackson Drive, Suite 2400, Chicago, Illinois, 60606.

42.   Upon information and belief Defendant **REVIVER FINANCIAL** ..,
(hereinafter "**RF**") is a nationwide consumer debt collection service which during the
regular coarse of business purchases and collects on *alleged* negative or owing consumer
debts from other companies. Plaintiff believes NC's President/CEO is Lee Tyler Rempel
with his corporate office being located at 327 W. 4th Avenue, Hutchinson, Kansas, 67501

43.   Upon information and belief Defendant **WELLS FARGO BANK** ..,
(hereinafter "**WFB**") is a nationwide bank and also a consumer debt collection service
which during the regular coarse of business purchases and collects on *alleged* negative or
owing consumer debts from other companies. Plaintiff believes WFB's President/CEO is
C Allen Parker with his corporate office being located at 420 Montgomery Street, San
Francisco, CA 94104.

44.   Upon information and belief Defendant **WELLS FARGO CARD SERVICES** ..,
(hereinafter "**WFCS**") is a nationwide bank and also a consumer debt collection service which
during the regular coarse of business purchases and collects on *alleged* negative or owing consumer
debts from other companies. Plaintiff believes WFB's President/CEO is Tim Sloan with his
corporate office being located at 7000 Vista Drive West, Des Moines, Iowa, 50266.

45.   Upon information and belief Defendant **ALLIANCE ONE RECEIVABLES
MANAGEMENT, INC** ., (hereinafter "**AORMI**") is a nationwide bank and also a consumer
debt collection service which during the regular coarse of business purchases and collects on
*alleged* negative or owing consumer debts from other companies. Plaintiff believes AORMI's
President/CEO is Timothy Casey with his corporate office being located at 4850 E. Street
Road, Suite 300, Trevose, Pennsylvania, 19053.

46.   Upon information and belief Defendant **SIMM ASSOCIATES, INC.**,
(hereinafter "**SAI**") is a nationwide bank and also a consumer debt collection service which
during the regular coarse of business purchases and collects on *alleged* negative or owing
consumer debts from other companies. Plaintiff believe's SAI's President/CEO is Mr.
Gregory L. Simendinger, with his corporate office being located at 800 Pencador Drive,
Newark, Delaware, 19702.

47. Upon information and belief Defendant's **TRANS UNION LLC**., (hereinafter " **TU**") is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, as defined by **15 U.S.C. §1681(f)**. Plaintiff believes TU's President/CEO is Christopher A. Cartwright with theircorporate offices located Prentice-Hall Corporation System, Inc., 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA., 95833 . Defendant TU is an entity which among other activities, is a "*furnisher*" of negative consumer credit information

48. Upon information and belief defendant **EXPERIAN INFORMATION SOLUTIONS INC.** (hereinafter "**EISI**")  is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, as defined by **15 U.S.C. §1681(f)**. EISI is also authorized to do business in California. Plaintiff believes EIS's President/CEO is Brain Cassin with a corporate headquarters located at 475 Anton Blvd., Costa Mesa, CA. 92626.

49. Upon information and belief defendant **EQUIFAX INFORMATION SERVICES LLC** (hereinafter "**EISL**")  is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, as defined by **15 U.S.C. §1681(f)**. EISL is also authorized to do business in California. Plaintiff believes EIS's President/CEO is Mark Begor with a corporate headquarters located at 1550 Peachtree Street NE, Atlanta, GA, 30309. Defendant EISL is an entity which among other activities, is a "*furnisher*" of negative consumer credit information.

50. Upon information and belief defendant **DOES 1 thru 10 inclusively** are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. **Does 1-10**, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiff TUCK's that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after Plaintiff TUCK has notified them of

1 the false or inaccurate derogatory consumer credit information, and also who have reported
2 such accounts as derogatory credit references to credit reporting agencies (hereinafter "CRA").

3     **51.** Plaintiff TUCK does not know the true names and capacities, whether
4 corporate, partnership, associate, individual or otherwise of Defendants PRA, PRAG, DCI,
5 CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU,
6 EISI, EISL and DOES 1 thru 10 inclusively, under the provisions of **Section §474 of the**
7 **California Code of Civil Procedure**.

8     **52.** Plaintiff TUCK is informed and believes and on that basis alleges that
9 Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF,
10 WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1 thru 10 inclusively, are in some
11 manner responsible for the acts, occurrences and transactions as officers, directors or
12 managing agents of Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,
13 NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1 thru 10
14 inclusively, or as its agents, servants, employees and/or joint ventures and as set forth in this
15 Complaint, and that each of them are legally liable to Plaintiff TUCK,
16 as set forth below and herein:

17     **a.** Said Officers, directors or managing agents of Defendants PRA, PRAG, DCI,
18 CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU,
19 EISI, EISL and DOES 1 thru 10 inclusively, personally acted willfully with respect to the
20 matters alleged in this Complaint;

21     **b.** Said Officers, directors or managing agents of Defendants PRA, PRAG, DCI,
22 CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU,
23 EISI, EISL and DOES 1 thru 10 inclusively, personally authorized, approved of, adopted
24 and/or ratified the acts alleged herein or the agents, servants, employees and/or joint
25 ventures of defendants did so act;

26     **c.** Said Officers, directors or managing agents of Defendants PRA, PRAG, DCI, CALI,
27 NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL
28 and DOES 1 thru 10 inclusively, personally participated in the acts alleged herein;

**d.**   Said Officers, directors or managing agents of Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally had close supervision of their agents, servants, employees and/or joint ventures of defendants.

**e.**   Said Officers, directors or managing agents of Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally were familiar with the facts regarding the matters alleged herein;

**f.**   Said Officers, directors or managing agents of Defendants PRA, PRAG, DCI, CALI NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1 thru 10 inclusively, personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to plaintiff TUCK.

**g.**   Furthermore, said Officers, directors, or managing agents of Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1 thru 10 inclusively, failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of the Defendants. Plaintiff TUCK will seek leave to amend this complaint to set forth the true names and capacities of the said fictitiously named defendants as enumerated above, together with appropriate charging allegations, when learned.

**53.**   Plaintiff TUCK is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Furthermore, Plaintiff TUCK alleges that each act alleged herein, whether by named Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI,

SAI, TU, EISI, EISL and DOES 1 thru 10 inclusively, or fictitiously named defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil **Code Section §3294(b)**, by each and every other Defendant herein, whether named or fictitiously named.

**54.** Collectively, these Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1 thru 10 inclusively, hereto will be referred to as "credit bureau defendants" or "credit agency defendants", is a consumer creditor which, among other activities, reports allegedly delinquent consumer debts to credit bureaus and is a "furnisher" of negative consumer credit to credit bureau defendants.

**55.** Collectively, these Defendant's TU, EISI, EISL hereto wll be referred to as "Credit Reporting Agency" Defendant's (CRA'S) . These CRA Defendant's which among other things are the three largest national consumer credit reporting agencies who report on a daily basis good and bad credit on millions of their consumer files.

## V. <u>FACTUAL ALLEGATIONS</u>

**56.** Plaintiff TUCK has ***never had any prior or present established relationship*** with the Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, as it pertains to *ANY* negative consumer debt account or ***any other alleged accounts in any amounts***.

**57.** Plaintiff TUCK ***has no contractual obligation*** to Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, ***to pay them anything***.

**58.** Plaintiff TUCK ***has never given*** Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, ***express written permission*** to call Plaintiff's emergency cellular phone number than [20] twenty times, ***many times before 8 am in the morning & after 9pm at night more than once in the same business day,*** between the dates of August 20, 2015 up to today's date, clearly violating **47 U.S.C. §227[2]** of the (**TCPA**).

**59.**  Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, hereto illegally placed more than twenty (20) harassing debt collection calls to plaintiff's private emergency cell phone number, between the dates of August 20, 2015 up to today's date clearly violating **[ FDCPA ], at 15 U.S.C.§1692e**.

**60.**  Many of these more than [20] twenty illegally placed debt collection calls were made *in the same business day*, clearly violating **15 U.S.C. §1692c(a)** of the (**FDCPA**).

**61.**  Plaintiff TUCK hereby moves this Ninth District honorable Court to take "Judicial Notice" that ***none*** of the more than [20] twenty harassing consumer debt collection calls illegally placed by Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, between the dates of August 20, 2015 and today's date ***were made for emergency purposes***, clearly violating **United Stated Code 47 U.S.C. §227(b)(1)(A)(iii)**, of the United States [**TCPA**] laws and [ **FDCPA** ], at 15 U.S.C.§1692e.

**62.**  The so stated more than [20] twenty illegally placed calls by Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, to plaintiff TUCK'S private emergency cell phone number is *at this time of filing* **much greater** or more than [20] twenty illegally placed calls, some of the above-named Defendant's have called Plaintiff TUCK more than **[150]** ***one hundred and fifity times*** at **all hours of the day**, *sometimes multiple illegally placed calls on the same day* since August 20, 2015 and today's date clearly violating **United Stated Code 47 U.S.C. §227(b)(1)(A)(iii)**, of the United States [**TCPA**] laws and [ **FDCPA** ], at 15 U.S.C.§1692e. .

**63.**  Plaintiff TUCK further informs this honorable court that between the dates of August 20, 2015, and today's date Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, called plaintiff's emergency cell phone numbers (760) 840-1813 & (619) 887-3732 more than [20] twenty well documented times, *many times placing numerous*

1 | *harassing collection calls in the same business day* clearly violating the TCPA's strict

2 | statutory guidelines *by using automatic telephone dialing system capabilities or artificial*

3 | *or prerecorded messages or voices* clearly violating **47 U.S.C. §227[1] of the [TCPA]** .

4 |     **64.** Between the dates of August 20, 2015 and today's date Defendants PRA, PRAG,

5 | DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and

6 | DOES 1 thru 10 inclusively, illegally placed harassing debt collection calls to plaintiff's

7 | emergency cell phone numbers (760) 840-1813 & (619) 887-3732 more than [20] twenty

8 | times *asserting a right which it lacks to wit, the right to enforce* a consumer debt allegedly

9 | owed by plaintiff TUCK to by these same said defendants clearly violating **[FDCPA]**

10 | **15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692d(5)**         .

11 |     **65.** Between the dates of August 20, 2015 and today's date, Defendants PRA, PRAG,

12 | DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and

13 | DOES 1 thru 10 inclusively, called plaintiff's emergency cell phone numbers

14 | (760) 840-1813 & (619) 887-3732 more than [20] twenty times *[During many of these*

15 | *calls failed to identify that they were consumer debt collectors trying to collect on a*

16 | *alleged negative consumer debt]* allegedly owed to defendants by Plaintiff TUCK clearly

17 | violating **[FDCPA] 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(10).**

18 |     **66.** On numerous occasions plaintiff TUCK has demanded in writing that all of the

19 | above-named Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI,

20 | NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, (760) 840-1813 &

21 | (619) 887-3732 provide plaintiff TUCK with written "verification" and consumer debt

22 | validation as defined by the strict federal statute **15 U.S.C.§1692g(1)(2)(5)(b)** and the

23 | California Consumer Protection Statutes and Laws, as it pertained to any/all alleged

24 | consumer debt[s], to date all defendant's in the above-entitled case have ignored all

25 | attempted communications by phone, email, in writing, or otherwise,  clearly demonstrate

26 | willful and non-compliance with **47 U.S.C. §227(b)(1)(A), (TCPA).**

27 |     **67.** Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC,

28 | RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, by and thru their above-

described actions violated the strict statutory guidelines set forth in **§1692d of the Fair Debt Collections Practices Act (FDCPA)** *by engaging in conduct the natural consequences of which is to harass, oppress, or abuse* the plaintiff by calling his cell phone on more than [20] twenty separate occasions over four years period of time from August 20, 2015 to today's date.

**68.** Many of these cell phone calls were placed before the very early morning hours of *8:00 am and after the late evening hours of 9:00 pm at night,* another direct statutory violation of **47 U.S.C. §227[2]** of the (**TCPA**).

**69.** Many of *these same abusive calls* were placed *multiple times on the very same day,* all of which the ***Plaintiff has to pay for on his monthly cellular phone bills.***

**70.** Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, *clearly violated* **Section §1692d(5)** of the Fair Debt Collection Practices Act (**FDCPA**) and at the *very same time* violated the **California Rosenthal Fair Debt Collection Practices Act Section §1788.17 (CFDCPA)**, by calling plaintiff TUCK on his emergency cell phone on more than [20] twenty separate occasions and caused Plaintiff TUCK's cellular phone to ring repeatedly and continuously with the intent to annoy, abuse, or harass him into paying alleged consumer debts owed to the defendant's named herein clear multiple violations of **[FDCPA] 15 U.S.C. §1692c(a)(1).**

**71.** The same *consumer business debt[s]* allegedly owed to all of the defendant's herein arose out of a transaction that was primarily for *personal, family, or household purposes.*

**72.** As plaintiff TUCK *has no business debt,* this same *alleged business debt* presently sought now by Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, *could only have been used for personal, family, or household purposes.*

**73.** Since August of 2015 Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, totally ignored all written attempts by plaintiff TUCK to ***cease and desist*** all

collection activities *immediately*, *instead*, these same defendant's commenced an ongoing almost daily campaign over *a more than [4] four year period of time* to harass, abuse threaten and coerce plaintiff TUCK into paying an alleged consumer debt he has never owed.

**74.** Plaintiff TUCK wrote several certified letters to Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, disputing and re-disputing the alleged debt and negatively reported credit line which all went ignored or un-answered and all Plaintiff TUCK'S requests for investigation and re-investigations of the alleged debt did not get completed correctly and thoroughly.

**75.** Plaintiff TUCK sent Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, a Notice of Intention to Commence Action by Certified Mail in an attempt to settle this issue *informally without Court intervention* to date Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, have *fully ignored*.

## VI. COUNT I
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA) 47 U.S.C. §227(b)(1)(A) BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 THRU 10

**76.** Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 75 herein.

**77.** In 1991, Congress enacted th **TCPA** [1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

**78.** The **TCPA** regulates, amongst other things, the use of Voice and ATDS systems. Specifically, the *plain language* of **Section §227(b)(1)(A)** prohibits the use of an ATDS system to make any call to a wireless number, or to use a Voice system during such a call, in the absence of *an emergency* or the *prior express written consent* of the called party.[2]

**79.** According to findings by the FCC, the agency Congress vested with the authority to

issue regulations implementing the **TCPA**, such calls are *strictly prohibited* because, as Congress found, telephone calls using a Voice or an ATDS system are a *greater nuisance and invasion of privacy* than *live solicitation calls*, and such calls can be *costly and inconvenient to the called party*. The FCC also recognized that *wireless customers are charged for incoming calls whether they pay in advance or after the cell phone minutes are used*. [3]

**80.**     On January 4, 2008, the FCC released a Declaratory Ruling wherein itwas confirmed that all Voice and ATDS consumer debt collection calls to a wireless cell phone number by a creditor or consumer debt collector are permitted only if the calls are made with the "*prior express written consent*" of the called party. [4]

**81.**     The FCC "emphasize[d] that prior express written consent is deemed to be granted only if the wireless number was provided during the transaction that resulted in the debt owed. [5]

**82.**     This same Declaratory Ruling of 2008 further dictates that:
" a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for *any* violation of the Commission's rules. Calls placed by a third party debt collector on behalf of that creditor are treated as if the creditor itself placed the call ."[6]

**83.**     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10  to *demonstrate* that plaintiff TUCK gave his *prior express written consent* to use a Voice and/or a ATDS system to place numerous calls to his cell phones within the meaning of the statute. [7]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codiified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.
[2] 47 U.S.C. §227(b)(1)(A).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC *Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[6] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.
[7] [TCPA] 47 U.S.C. §227(b)(1)(A) And [TCPA] 47 U.S.C. §227(b)(1)(A),

84.    At all times pertinent hereto, Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, have conducted their business's by engaging in illegal consumer debt collection practices.

85.    The Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, all of them have made hundreds of thousands of telephone calls to the cellular telephones of consumers for the purposes of collecting consumer debts allegedly owed to them, or, consumer debt's bought directly from the original consumer creditor by them.

**I.    FIRST CHALLENGED PRACTICE:**
**Debt Collector's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 ,**
**Calls To Plaintiff's Cellular Telephones Using a Voice And/Or ATDS System .**

86.    At all times pertinent hereto, the Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively as Debt Collectors, have utilized a Voice and/or a ATDS system during consumer debt collection calls made to the cellular telephones of consumers who *had not,* during the transaction that resulted in the alleged consumer debt, previously given Defendant's *express written permission or consent* to *receive such calls*.

87.    Calls utilizing Voice and/or a ATDS system allow Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 to *collect more consumer debt*.

88.    At all times pertinent hereto, Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 have utilized a Voice and/or a ATDS system during debt collection calls which is one of this "industries newest innovations" which is "agentless" and can place hundreds of recorded messages as consumer debt reminders all in the same business day."

89.    At all times pertinent hereto, Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10

1  who are all professional consumer debt collectors nationwide, have utilized a Voice and/or

2  a ATDS system  including a predictive dialer, to make debt collection calls to the private

3  cellular telephones of consumers who had not, during the transaction that resulted in the

4  alleged consumer debt, *ever* previously given Defendants PRA, PRAG, DCI, CALI, NCA,

5  ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10

6  ***express written permission or consent*** to receive such calls.

7      **90.**  A predictive dialer is a Voice and/or a ATDS system within the meaning of the

8  TCPA, because it is equipment that, when paired with certain computer software, has the

9  capacity to store or produce telephone numbers to be called and without human intervention

10  to dial such numbers at random, in sequential order, and/or from a database of numbers.

11      **91.**  Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC,

12  RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 have entered into written contracts with

13  all of its subsidiaries to use predictive dialers, for example:

14

15          **i.e. the terms of the Collection Services Agreement utilized by Defendants**

16          **PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF,**
        **WFB, WFCS, AORMI, SAI and DOES 1 thru 10 , require that consumers be**

17          **contacted " via Voice and/or a ATDS predictive dialer system in an effort to**
        **collect on past due balances."**

18          **See Lee v. Credit Mgmt., LP, 2012 WL 113793, at \*11 & n.17 (S.D. Tex. 2012).**

19      **92.**  Calls utilizing a Voice and/or a ATDS system allows each and every Defendant

20  described herein ***to collect more debt***.

21      **93.**  At all times pertinent hereto, Defendants PRA, PRAG, DCI, CALI, NCA, ERC,

22  ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10

23  inclusively, have been fully aware that its employees/personnel have utilized an Voice

24  and/or a ATDS system because, *inter alia*, the use of an Voice and/or a ATDS system is

25  standard industry practice among consumer debt collectors., the "predictive dialer enables

26  us to reach more of our client's while maintaining a cost-effective approach"and that the

27  "dialer \*\*\* completes call campaigns more quickly\*\*\* conducts the most effective calling

28  strategies \*\*\*."

**94.**   On information and belief, within the past [5] five years, Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 have placed tens of thousands of Voice system and/or ATDS calls to the emergency cellular telephones of consumers *who had not,* during the transaction that resulted in the alleged consumer debt, *previously given any* Defendant's , *prior express written  consent* to receive such calls.

**II.    Second Challenged Practice:**
   Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 <u>Making Calls To Plaintiff TUCK's Cellular Telephone Using a Voice And/Or ATDS System.</u>

**95.**   At all times pertinent hereto, Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 have utilized a Voice and/or a ATDS system during consumer debt collection calls to the cellular telephones of consumers who *had not,* during the transaction that resulted in the consumer debt, *previously* Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 *express written consent* to receive such calls.

**96.**   At all times pertinent hereto,  Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 have also utilized an Voice and/or a ATDS system , including a *predictive dialer,* to make consumer debt collection calls to the cellular telephones thousands of consumers who had not, during the transaction that resulted in the debt, previously given Defendant's *express written consent* to receive such calls.

### III. Plaintiff ZACH TUCK

**97.**   Plaintiff ZACH TUCK is a "person" as defined by **47 U.S.C.§153(39)**.

**98.**   On August 20, 2015, plaintiff TUCK received the first automated illegally placed telephone call at 7:03 am, since that date the defendant's have commenced an almost daily debt collection campaign with more than [20] twenty more automated recorded telephone calls to follow. It is now Plaintiff TUCK'S firm belief that if he

adds up all of the combined illegal telephone calls placed by the Defendant's to plaintiff TUCK over the past [4] four years or more it would add up to <u>hundreds</u> of *combined* illegally placed harassing consumer debt collection calls, literally a constant campaign or barrage at all hours of day, be it early morning day or late at night, arrogantly mailing ever increasing threatening dunning letters using the placement of Errant negative trade lines as leverage to get the Plaintiff to pay a consumer debt he never owed. Because of the Defendant's illegal collection activities Plaintiff TUCK's credit worthiness went in the toilet. He was unable to gain meaningful employment, fair affordable housing, loans which effected Plaintiff TUCKS relationship with his mother, girlfriend, schooling etc.

**99.** Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10  inclusively, placed a multitude of other illegal harassing debt collection calls to plaintiff TUCK's emergency cell phone number over the four years, *[more illegally received calls than plaintiff cares to document in this Complaint* ], he ended up paying for all of these unwanted illegal calls on his monthly cell phone bills. Finding *the exact amount* of these *illegally placed debt collection calls* can be found out by plaintiff TUCK or his council during the Discovery process of this Complaint/lawsuit.

**100.** Plaintiff TUCK ***has no past or present business relationship or otherwise with*** Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10  inclusively, there exists *no written or oral contract[s]* between plaintiff TUCK and Defendant's ***for arbitration or otherwise***.

**101.** Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10  inclusively, *utilized a* Voice and/or ATDS *during at least 90% of the* [20] twenty illegally placed cellular calls to the Plaintiff's emergency [2] two cellular phone numbers over the past [4] four years described above.

**102.** *All of the* Voice and/or ATDS *calls described above were placed by* Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10  inclusively, to Plaintiff TUCK's *emergency cellular phones* solely to collect a consumer debt allegedly owed to the Defendant's by plaintiff TUCK.

**103.** [TCPA] 47 U.S.C. §227(b)(1)(A) states in part;

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT VOICE AND/OR ATDS SYSTEM:**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice .

**104.** Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, *have demonstrated willful and knowing non-compliance* with **[TCPA] 47 U.S.C. §227(b)(1)(A)** *by using an automatic telephone dialing system* to call the Plaintiff's cell phone number from August 20, 2018 to the present date more than [20] twenty times. All of these calls from the dates of August 20, 2015 and today's date, all illegally placed consumer debt collection calls were made to Plaintiff TUCK's emergency T-Mobile cell phone numbers (760) 840-1813 and (619) 887-3732 has been listed on the "National Do Not Call List" since January 20, 2014.

**105.**  Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, have committed more than [20] twenty separate strict statutory violations of **[TCPA] 47 U.S.C. §227(b)(1)(A).** Accordingly Plaintiff TUCK is *entitled* to statutory damages in the amount of $500 dollars U.S. for the **first** *"unintentional"* consumer collection call made to plaintiff TUCK by the Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, pursuant to **[TCPA] 47 U.S.C. §227(b)(1)(A).** Plaintiff TUCK during the Discovery Phase of the trial will articulate perfectly as to the exact dates of the *"FIRST CALL"* by each and every above-named Defendant as there will be [16] sixteen separate "first unintentional call dates" for the [16] sixteen above-named "Consumer Debt Collection Defendant's.

106.   Plaintiff TUCK is *also entitled to* treble damages in the amount of <u>$1500.00</u> U.S. dollars for ***each*** of the **additional** [19] nineteen "*intentional*" consumer debt collection calls placed by Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, to the plaintiff's private emergency cell phone numbers (760) 840-1813 and (619) 887-3732 After this initial first "*unitentional*" call pursuant to **[TCPA] 47 U.S.C. §227(b)(3)(B).**

107.   Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, have demonstrated *willful and knowing non-compliance* within **[TCPA] 47 U.S.C. §227(b)(3)(B)** as those calls were <u>ALL</u> "***intentional***", meaning the last [19] nineteen consumer debt collection calls intentionally placed by Defendant's to Plaintiff TUCK's cellular phone are ***subject to treble damages, or $1500 per call*** pursuant to **[TCPA]47 U.S.C.§227(b)(3)(B).**

108.   Plaintiff TUCK and Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, *do not nor never had* any *established business relationship* of any kind within the meaning of **[TCPA] 47 U.S.C. §227 *et seq.***

**WHEREFORE,**  Plaintiff, TUCK, respectfully requests judgement be entered against Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, for the following:

109. Declaratory judgement that the defendant's  conduct violated **[ TCPA ] 47 U.S.C. §227 *et seq.***;

110.   Statutory damages of $29,000.00 for all [20] illegally placed unintentional and intentional harassing debt collection calls pursuant to **[TCPA] 47 U.S.C. §227(b)(1)(A)** and **[TCPA] 47 U.S.C. §227(b)(3)(B) and [FDCPA] 15 U.S.C. §1692(d)(5).**

111.   Costs and reasonable attorneys fees.

112.   Any other relief that this Honorable Court deems appropriate. together with such other and further relief as this court may deem reasonable and just.

## VII.   COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA)
## 15 U.S.C. §1692(c)(a)(1)
## BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,
## NCFSI, NC, RF, WFB, WFCS, AORMI, SAI & DOES 1 THRU 10 INCLUSIVELY

113.   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 112 herein.

114.   **[FDCPA] 15 U.S.C. §1692(c)(a)(1) states in part;**

**COMMUNICATION WITH THE CONSUMER GENERALLY**
without the *prior express written consent* of the consumer given directly to the consumer debt collector or the *express permission* of a court of competent jurisdiction, a consumer debt collector *may not* communicate with the consumer in connection with the collection of the debt.

115.   As previously alleged, Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, are all "debt collectors" within the meaning of the Fair Debt Collection Practices Act, **[FDCPA] 15 U.S.C. Section §1692** *et seq.* defendants are all engaged in conduct proscribed by **[FDCPA] 15 U.S.C. Section §1692e(8)**, namely, "Communicating or ***threatening to communicate*** to any person negative consumer credit information which is ***known or which should have known to be false***, including the failure to communicate that a disputed consumer debt is disputed" Plaintiff TUCK reserves the right to allege other violations of the [FDCPA] as the facts of this case unfold.

116.   Plaintiff TUCK alleges Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, all *violated other statutory provisions* of the Federal Fair Debt Collection Practices Act **[FDCPA]**, as follows:

a. **[FDCPA] 15 U.S.C. Section §1692d**: Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, and engaged in consumer debt collection efforts after they knew, and had determined, that they had no basis for continuing to pursue  plaintiff TUCK that had the natural consequences of harassing, abusing and oppressing the plaintiff *in concert or in conjuction or unison with other named defendants contained herein in the above-entitled federal complaint.*

**b. [FDCPA] 15 U.S.C. Section §1692e**: Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, *have threatened action, or taken action, including threats of negative credit reporting, threats of lawsuits and implicit or explicit threats of derogatory negative credit reporting, that cannot legally be taken because the alleged debt is not* Plaintiff TUCK's *consumer debt.*

**c. [FDCPA] 15 U.S.C. Section §1692f** Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, have each ***used unfair or unconscionable means to collect or attempt to collect the alleged debt***. Specifically, each has attempted to collect amounts not expressly authorized by law or by any agreement, and have continued to attempt collection in spite of cancellation of the underlying agreement. In essence, there is no agreement and ***no obligation*** by which Mr. TUCK owes any monies to the Defendant's yet the Defendants persists to this day in their ongoing concerted debt collection and illegal harassing consumer collection campaign illegal call efforts and threats.

117. Defendants PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, knew, or should have known that they placed more than [20] twenty Voice and/or automated Voiceor ATDS system calls to plaintiff's emergency cell phone numbers (760) 840-1813 and (619) 887-3732 more than [20] twenty times, between the dates of August 20, 2015 to the present day, were both inconvenient, annoying, and cost him money on his cell phone bills that he had to pay for.

118. All of these calls were made *deliberately and intentionally, thus*, Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, have committed [20] twenty separate and distinct statutory violations of **[FDCPA] 15 U.S.C. §1692(c)(a)**. *Every single one* of these illegally placed calls were illegally placed by the Defendant's *without* the ***prior express written consent*** of the consumer plaintiff TUCK.

119.   As a result of these statutory violations of the Federal Fair Debt Collection Practices Act by Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, plaintiff TUCK has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of this [FDCPA] Act.

**WHEREFORE,**   Plaintiff, TUCK, respectfully requests judgement be entered against Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, for the following reasons:

120. Declaratory judgement that the Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, conduct violated the **[FDCPA] 15 U.S.C. *§1692 et seq.*;**

121.   Statutory damages of $1,000.00 for each violation pursuant to the **[FDCPA] 15 U.S.C. *§1692 et seq*.**

122.   Costs and reasonable attorneys fees pursuant to the **[FDCPA] 15 U.S.C. *§1692 et seq*.**

123.   Any other relief that this Honorable Court deems appropriate.

### VIII.   COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### [FDCPA] §1692(d)(5)
### BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI,  NC, RF, WFB, WFCS, AORMI, SAI & DOES 1 THRU 10 INCLUSIVELY

124.   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 123 herein.

125.  **[FDCPA] 15 U.S.C. §1692(d) states in part;**

> **A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

126. **[FDCPA] 15 U.S.C. §1692(d)(5) states in part;**

> **Causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.**

127.    Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, continuously violated **[FDCPA] 15 U.S.C. §1692(d)(5)** by calling plaintiff's cell phone number more than [20] twenty times, [ *many times before 8:00 am in the morning* or 9pm at night] [many times calling *multiple times in the same day* ] directly causing the plaintiff's personal cell phone to ring repeatedly and continuously with the *intent* to *annoy, abuse, or harass* the plaintiff.  Every single one of these placed calls were placed  by defendant's *without* the *prior express written consent* of the consumer, plaintiff TUCK

128.    During this period of time between August of 2015 to the present day Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, staff/personnel intentional and repeatedly called plaintiff TUCK more than [20] times on his emergency cell phone numbers (760) 840-1813 and (619) 887-3732, these same illegally placed harassing debt collection calls have caused plaintiff undue *stress, confusion, and long term nervousness* and *embarrassment* applying for fair housing or credit lines, including *unexpected increased cell phone bills that this plaintiff could ill afford.*

129.  Plaintiff TUCK alleges that Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, caused his emergency cell phones to ring on more than [20] twenty separate occasions between the dates of August 20, 2015 to the present day, by causing him to answer these calls and either engage in a lengthy conversations with defendant's staff or, have to listen to numerous pre-recorded messages left by defendant's staff on plaintiff TUCK'S emergency cell phone message service accounts, which plaintiff TUCK *has to pay monies for that he can ill afford.*

**WHEREFORE,** Plaintiff, TUCK respectfully requests judgement be entered against Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, for the following:

130. Declaratory judgement that the Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, illegal conduct violated the **[ FDCPA ] 15 U.S.C. §1692(d)(5)**.

131. Statutory damages of $1,000.00 for **each** violation pursuant to the **[ FDCPA ] 15 U.S.C. §1692 (d)(5)**.

132. Costs and attorneys fees pursuant to the **[ FDCPA ] 15 U.S.C. §1692 (d)(5)**.

133. Any other relief that this Honorable Court deems appropriate.

### VIIII.   COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [FDCPA]
### 15 U.S.C. §1692(d)(6)
### BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,
### NCFSI,  NC, RF, WFB, WFCS, AORMI, SAI & DOES 1 THRU 10 INCLUSIVELY

134. Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 133 herein.

135. **[ FDCPA ] 15 U.S.C. §1692(d)  states in part;**

> **A consumer debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ***The placement of telephone calls without meaningful disclosure of the caller's identity.***

136. Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, staff/personnel violated **[FDCPA] 15 U.S.C. §1692(d)(6)** by illegally placing more than [20] twenty automated and/or voice debt collection calls to plaintiff TUCK's cell phones between the dates of August 20, 2015 and the present day. On several occasions these very same calls were made without meaningful disclosure of the callers identity. All [20] twenty illegally placed calls were *independently placed at different times*.

137. Every single one of these more than [20] twenty phone calls placed by Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, were being made

1    *without* the *prior express written consent* of the consumer plaintiff TUCK.

2    This added to the plaintiffs daily confusion and anxiety about these very same calls.

3      *i.e.*    ***Who is this person or machine on the other end of the phone?***
             ***Why are they calling me almost every day, many times a day?***

4              ***Why are they leaving these strange messages?***
             ***Why won't the people (when they do come on the line)***

5              ***not listen to me and stop calling me?***

6    **138**.    Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,

7    NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, are using

8    the fact that the plaintiff has added stress issues due to the defendant's  continually calling

9    his personal emergency cell phones *sometime's more than once a day*, to *harass, annoy*

10    and *coerce* him into paying an **alleged non-existent consumer debt he never owed**.

11    **139**.    Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,

12    NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, *thru mailed*

13    *dunning letters and over [20] twenty harassing phone calls* to plaintiff TUCK *all the*

14    *while threatening* to report this same alleged non-existent consumer debt item to be placed

15    by Defendant's on all three National consumer credit reporting agencies that record and

16    report plaintiff TUCK's credit nationally.    ***These very same  illegal business activities***

17    ***border on the edge of professional business extortion practices***.

18    **WHEREFORE,**    Plaintiff, TUCK, respectfully requests judgement be entered

19    against Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI,

20    NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively,

21    for the following:

22    **140.**    Declaratory judgement that the Defendant's illegal conduct violated

23    **[ FDCPA ] 15 U.S.C. §1692(d)(6)**.

24    **141.**    Statutory damages of $1,000.00 for **each** violation pursuant to the

25    **[ FDCPA ] 15 U.S.C. §1692(d)(6).**

26    **142.**    Costs and reasonable attorneys fees pursuant to **[ FDCPA ]**

27    **15 U.S.C. §1692(d)(6).**

28    **143.**    Any other relief that this Honorable Court deems appropriate.

1

2

## X.  COUNT V
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### [FDCPA] 15 U.S.C.§1692(e)(10)
### BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI,  NC, RF, WFB, WFCS, AORMI, SAI & DOES 1 THRU 10 INCLUSIVELY

3

4

5      **144.**   Plaintiff TUCK  re-alleges and restates all of the foregoing jurisdictional

6   allegations and general factual allegations in paragraphs 1 thru 143 herein.

7      **145.**   Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,

8   NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10 inclusively, violated

9   **[FDCPA] 15 U.S.C. §1692(e)(10)** by the use of false representation or deception means to collect

10   or attempt to collect a debt or to obtain information concerning a consumer.

11      **146**   Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,

12   NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10's staff *lied* to Plaintiff

13   TUCK on *numerous occasions* starting before August of 2015 to today's date with

14   numerous harassing debt collection dunning letters threatening to place negative credit

15   line[s] on plaintiff TUCK'S personal credit reports, and continuing their ongoing illegal

16   debt collection campaign to the present day to gain information about the Plaintiff TUCK.

17      **147.**   **[FDCPA] 15 U.S.C. §1692(e) states in part;**
**A debt collector may not use any false, deceptive, or misleading**

18   **representation or means in connection with the collection of any**
**consumer debt. Without limiting the general application of the**

19   **foregoing. The following conduct is a violation of this section:**

20      **148.**   **[FDCPA] 15 U.S.C. §1692(e)(10) states in part;**
**The use of any false representation or deceptive means to collect or attempt to**

21   **collect a consumer debt or obtain information about a consumer.**

22      **149.** Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,

23   NCFSI, NC, RF, WFB, WFCS, AORMI, SAI and DOES 1 thru 10's staff not only *ignored*

24   this same *demand* for ***certification/validation*** of the alleged consumer debt, these above

25   named consumer business entities commenced a campaign for over the past year to

26   harass, oppress, threaten, confuse and cause plaintiff TUCK to experience long term

27   emotional distress and confusion while at work, driving or at home trying to rest.

28

**150.**   These [20] twenty illegally placed debt collection calls all placed by

Defendant's CPS, PR, HH, MAB, ANSI, MBLLC, DOES 1 thru 10's staff constitute more than

[20] twenty separate and distinct statutory violations,

> **[ i.e. if I dent your car on a Monday backing out
> of my driveway and then do it again on Wednesday
> and again on Friday, that's [3] three separate and distinct
> occurrences or violations, ]**

as defined by **[FDCPA] 15 U.S.C.§1692g(1)(2)(5)(b)** of the statutes of the United States of

America and the California Consumer Protection Statutes/Laws.

**WHEREFORE,**   Plaintiff, TUCK, respectfully requests judgement be entered against

Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF,

WFB, WFCS, AORMI, SAI and DOES 1-10 for the following:

**151.**   Declaratory judgement that the Defendant's illegal conduct violated

**[ FDCPA ] 15 U.S.C. §1692(d)(6)**.

**152.**   Statutory damages of $1,000.00 for **each** violation pursuant to the

**[FDCPA] 15 U.S.C. §1692(d)(6)**.

**153.**   Costs and reasonable attorneys fees pursuant to **[FDCPA] 15 U.S.C. §1692(d)(6)**.

**154.**   Any other relief that this Honorable Court deems appropriate.

### XI.   COUNT VI
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),
### 15 U.S.C. §1681 et seq. WILLFUL OR NON-COMPLIANT
### BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI,
### NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL DOES 1 THRU 10

**155.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional

allegations and general factual allegations in paragraphs 1 thru 154 herein.

**156.**   On or about January 10, 2016 Plaintiff TUCK, who is not a minor,

checked his consumer credit report from all three national credit reporting agencies,

Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered several

negative consumer credit accounts reported by Defendant's PRA, PRAG, DCI, CALI,

NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI,

EISL and DOES 1-10 placed on his personal consumer credit report, all of these negative

1    credit accounts were unfamiliar to plaintiff TUCK, as he did not recall ever opening them

2    and *he was never informed by any of these furnishers* or CRA's of *their negative credit*

3    *reporting* activities.

4        **157.**   On or about January of 2016 Plaintiff TUCK contacted the Defendant's PRA,

5    PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS,

6    AORMI, SAI, TU, EISI, EISL and DOES 1-10 via US post office certified mail and

7    disputed the negatively reported credit lines and requested an investigation of these alleged

8    negatively reported credit lines pursuant to **15 U.S.C. §1681s-2(b) (FCRA)**.

9        **158.**   On or about March 15, 2016, *following all of his credit bureau disputes and*

10   *re-disputes including requests for proper investigations and re-investigations* Plaintiff

11   TUCK sent a second set of certified demand letters to these same Defendant's PRA,

12   PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS,

13   AORMI, SAI, TU, EISI, EISL and DOES 1-10 , in which he *demanded* documentation

14   substantiating the existence, ownership and ***accuracy*** of the negative consumer credit

15   accounts reported by each of them, *he also demanded a re-investigation as to the validity*

16   *of each negatively reported account, and to immediately delete these same negative*

17   *accounts from his credit file*s.

18       **159.**   Upon receipt of plaintiff CARUSO's disputes these same named Defendant's

19   CPS, PR, HH, MAB, ANSI, MBLLC, TU, EISI, EISL, and DOES 1 thru 10 each continued to

20   report disputed accounts on his consumer credit reports, without notice that the accounts

21   had been disputed by plaintiff, all throughout the investigation period and thereafter.

22   They further failed to properly address plaintiff CARUSO's direct disputes with them and

23   *failed to provide for his requested* "verification" and "validation" for these disputed

24   negative consumer accounts.

25       **160.**   On or about April of 2019 Plaintiff TUCK followed up with the Defendant's

26   PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB,

27   WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 inclusively on multiple occasions

28   via written certified demand letters, re-submitted his requests and *re-demanding immediate*

*deletion of the unverified accounts due to lack of verification.* Plaintiff TUCK thinks he sent over [6] six disputes and re-disputed to all named Defendant's. Each of these correspondences went *completely unanswered, ignored,* or were *improperly handled,* all of Plaintiff Tuck's informal efforts and correspondences proved *unsuccessful* in attaining *any of the defendant's cooperation* **whatsoever**.

**161.** Regardless of plaintiff TUCK's numerous attempts to seek Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 inclusively cooperation and of the aforementioned defendant's each and every one of them continuously, to date, failed to answer back to plaintiff TUCK with appropriate proof of investigation and re-investigation or verification, validation, certification of the information in dispute and failed to take **any** corrective action.

**162.** These very same disputed and highly inaccurate negatively reported consumer credit accounts continue to reflect very negatively upon Plaintiff TUCK as a consumer, borrower, debtor, his ability to gain employment and decent housing, these same negative consumer credit lines impacted plaintiff TUCK's creditworthiness and financial standing, relationships with his girlfriends or potential wives.

**163.** Plaintiff TUCK has suffered financial and emotional distress as a direct result of Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10's numerous illegal violations, which include but are not limited to the following:

    **a.** Actual damages arising from monetary losses related to denials to new credit, loss of use funds, loss of credit and loan opportunities, excessive and/or elevated interest in financial charges;

    **b.** Out of pocket expenses associated with communicating with Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 inclusively disputing the negative credit information, and fees paid to attorneys and credit professionals for the assistance attained in the process;

**c.**   Emotional distress and mental anguish associated with having derogatory credit information transmitted about plaintiff to other people both known and unknown;

**d.**   Decreased credit score and creditworthiness, which may result in the inability to obtain credit, employment or affordable housing without larger security deposits on future attempts.

164.   Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 knowingly and willfully violated the FCRA.  Defendant's strict statutory violations include but are not limited to the following:

**a.**   Failing to inform Plaintiff about negative credit reporting made on his credit report, prior to within five (5) days of furnishing a collection account to the CRAs, in violation of **[FCRA] 15 U.S.C. §1681s-2(a)(7)(A);**

**b.**   Failing to conduct a proper and complete investigation or re-investigation of disputed negative consumer credit information upon the receipt of Plaintiff TUCK's disputes in violation of **[FCRA] 15 U.S.C.§1681s-2(a)(8)(E);**

**c.**   Failing to verify  disputed accounts with the CRA's prior to conducting a thorough investigation and without having substantiating support for such verification;

**d.**   Reporting disputed information to the CRAs, without notice of plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of **[FCRA] 15 U.S.C.§1681s-2(a)(3);**

**e.**   Reporting information after notice and confirmation of errors a person shall not furnish information relating to a consumer to any consumer reporting agency if **(i)** *the person has been notified by the consumer,* at the address specified by the person for such notices, **that specific information is inaccurate**; and **(ii)** the information is, in fact, inaccurate **[FCRA] 15 U.S.C.§1681s-2(B)(ii)(iii);**

**f.**   Out of pocket expenses associated with the communication with defendants, disputing the negative consumer credit information, and fees paid to attorneys and credit professionals for their assistance attained in the process.

**WHEREFORE,** Plaintiff, TUCK, respectfully requests judgement be entered against Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 for the following:

165.   Declaratory judgement that the Defendant's illegal conduct violated **15 U.S.C. §1681s-2(b) (FCRA), [FCRA] 15 U.S.C. §1681s-2(a)(7)(A), FCRA] 15 U.S.C.§1681s-2(a)(8)(E),  [FCRA] 15 U.S.C.§1681s-2(a)(3) and [FCRA] 15 U.S.C.§1681s-2(B)(ii)(iii).**

166.   Statutory damages of $1,000.00 for **each** violation pursuant to the **[FCRA] 15 U.S.C.§1681** *et seq.*

167.   Costs and reasonable attorneys fees pursuant to **[FCRA] 15 U.S.C.§1681** *et seq.*

168.   Any other relief that this Honorable Court deems appropriate.

## XII.   COUNT VII
### VIOLATION OF FAIR CREDIT REPORTING ACT
[ FCRA ] 15 U.S.C. §1681b WILLFUL AND/OR KNOWING NON-COMPLIANCE BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI,  NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL DOES 1 THRU 10

169.   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 168 herein.

170.   **The [FCRA], 15 U.S.C.§1681b** defines the *permissible purpose* for which a person may obtain a consumer credit report.

171.   Such *permissible purposes* as defined by **(FCRA) 15 U.S.C.§1681b** are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

172.   Plaintiff TUCK has *never* had *any business dealings* or had any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from any of the Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10.

173.   At *no time* did Plaintiff TUCK give his consent for Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, and DOES 1-10 to acquire his consumer credit report from *any* consumer reporting agency ("CRA").

174.   Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 inclusively have demonstrated willful and/or knowing non-compliance with the **[ FCRA ], 15 U.S.C.§1681b** and repeatedly violating plaintiff TUCK's right to privacy.

175.   Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 had a *duty* to properly ascertain if there was any legitimate permissible purpose before obtaining plaintiff's consumer credit report and defendant's each and every one of them and *breached said duty by failing to do so.*

**WHEREFORE,** Plaintiff, TUCK, respectfully requests judgement be entered against Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 for the following:

176.   Declaratory judgement that the Defendant's illegal conduct violated **[FCRA] 15 U.S.C.§1681b.**

177.   Statutory damages of $1,000.00 for **each** violation pursuant to the **[FCRA] 15 U.S.C.§1681b.**

178.   Costs and reasonable attorneys fees pursuant to **[FCRA] 15 U.S.C.§1681b.**

179.   Any other relief that this Honorable Court deems appropriate.

### XIII.   COUNT VIII
### VIOLATIONS OF
**[ CCRAA ]THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI,  NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL DOES 1 THRU 10**

180.   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 179 herein.

181.   Within the past [2] two years prior to the filing of the complaint in this action, Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

a.   By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff TUCK, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b.   By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff,  Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 knew, or should have known, was incomplete, inaccurate and/or unverifiable;

c.   By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's consumer credit file after conducing an investigation;

d.   By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known to Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 ,

e.   By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct and incorrect, incomplete or inaccurate credit reporting.

182.   Each of the Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in plaintiff's consumer credit reports. Plaintiff TUCK hereby alleges that each of the Defendant's policies and practices hinder and obstruct adequate and meaningful re-investigations, and that each Defendant knows of the effect's of their conclusive policies and practices.

183.   As a proximate result of the willful and negligent actions of the Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 and each of them, plaintiff TUCK has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, plaintiff is entitled to actual damages, loss of wages, damage to credit reputation for many years of pain and suffering, costs and attorneys fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful statutory violations of the [ CCCRAA ] California Consumer Credit Reporting Agencies Act pursuant to **California Civil Code §1788** *et seq*.

**WHEREFORE,**   Plaintiff, TUCK, respectfully requests judgement be entered against Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 for the following:

184.   Declaratory judgement that the Defendant's illegal conduct violated **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

185.   Statutory damages of $1,000.00 for **each** violation pursuant to the **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

186.   Costs and reasonable attorneys fees pursuant to **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

187.   Any other relief that this Honorable Court deems appropriate.

### XIIII.   COUNT VIIII
### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §1788 *et seq.*
### BY DEFENDANT'S PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL DOES 1 THRU 10

188.   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 187 herein.

189.   Plaintiff TUCK is a *consumer* within the meaning of **15 U.S.C. §1692** *et seq*.

190.   Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 are seeking to collect an *alleged consumer debt* from plaintiff TUCK as defined by **California Civil Procedure §1788(f)**.

191.   The alleged Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10's consumer debt account in question is a *consumer transaction* as defined by California Civil Procedure §1788(e), as the Plaintiff TUCK has allegedly received property, services or money from ANY of the defendant's or an extension of credit, and such  property, services or money was used primarily for personal, family or household purposes.

192.   Defendant's each and every one of them also violated §1788.11(d) of the **[CFDCPA]California Rosenthal Fair Debt Collection Practices Act** by placing collection calls to the Plaintiff's cellular phone repeatedly and continuously so as to annoy, harass or embarrass the Plaintiff. *Plaintiff TUCK contends he has always paid all of his consumer bills in as timely a manner as possible.*

193.   All of the Defendant's violated §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]** by placing numerous harassing debt collection calls to the Plaintiff TUCK with *such frequency* as to be *unreasonable* and to *constitute direct intentional harassment* of the plaintiff under the circumstances.

194.   Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 also violated Section **§1788.17** of the **California Rosenthal Fair Debt Collections Practices Act [ CFDCPA ]** by *continuously* failing to comply with the statutory regulations contained within the **United States [FDCPA] Fair Debt Collection Practices Act 15 U.S.C. §1692** *et seq.*

**WHEREFORE,**   Plaintiff, TUCK, respectfully requests judgement be entered against Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 for the following:

195.   Declaratory judgement that the Defendant's illegal conduct violated §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [CFDCPA]** .

196.   Statutory damages of $1,000.00 for **each** violation pursuant to §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [CFDCPA]** .

**197.**   Costs and reasonable attorneys fees pursuant to §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]** .

**198.**   Any other relief that this Honorable Court deems appropriate.

### XV.   COUNT X
### AGAINST ALL THREE CRA'S
### FAILURE TO ESTABLISH PROPER PROCEDURES
### 15 U.S.C. §1681e(e)
### BY DEFENDANT'S TU, EISI, EISL

**199.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 198 herein.

**200.**   All [3] three of the above-named defendant CRA's <u>TU, EISI, EISL</u> violated **15 U.S.C. §1681e(b)** by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report and consumer credit files it published and maintains concerning plaintiff TUCK.

**201.**   As a result of this conduct, action and inaction of defendant's CRA's, plaintiff TUCK suffered damages by loss of credit, denial of rental of houses and commercial buildings, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**202.**   Defendants CRA's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the court pursuant to **15 U.S.C. §1681n**. In the alternative, it was negligent, entitling plaintiff to recover under **15 U.S.C. §1681o**.

**203.**   Plaintiff is entitled to recover attorneys fees from defendant CRA's in an amount to be determined by the Court pursuant to **15 U.S.C. §1681n** and/or **§1681o**.

**WHEREFORE,**   Plaintiff, TUCK, respectfully requests judgement be entered against defendant's TU, EISI and EISL for the following:

**204.**   Declaratory judgement that the Defendant's illegal conduct violated **15 U.S.C. §1681n** and **15 U.S.C. §1681o** of the **California Civil Code** state counterparts.

**205.**   Statutory damages of $1,000.00 for <u>**each**</u> violation pursuant to **15 U.S.C. §1681n** and **15 U.S.C. §1681o** of the **California Civil Codes**.

1   **206.**   Costs and reasonable attorneys fees pursuant to **15 U.S.C. §1681n** and

2   **15 U.S.C. §1681o** of the **California Civil Codes.**

3   **207.**   Any other relief that this Honorable Court deems appropriate.

### XVI.   COUNT XI
### AGAINST ALL THREE CRA'S
### FAILURE TO REINVESTIGATE 15 U.S.C. §1681(i)
### DEFENDANT'S TU, EISI & EISL

8   **208.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional

9   allegations and general factual allegations in paragraphs 1 thru 207 herein.

10   **209.**   Defendant CRA's violated **15 U.S.C. §1681i** on multiple occasions in the past

11   and up to today's date by failing to delete inaccurate information in plaintiff's consumer

12   credit files after receiving actual notice to such inaccuracies; by failing to conduct a lawful

13   reinvestigation; by failing to forward relevant information to the Creditors; failing to

14   maintain reasonable procedures with which to filter and verify disputed information in

15   plaintiff's consumer credit file; and by relying upon verification from a source it has reason

16   to know is unreliable.

17   **210.**   As a direct result of this conduct, action and inaction of defendant's CRA's,

18   plaintiff TUCK has suffered damages by loss of credit, loss of ability to purchase and

19   benefit from credit, mental and emotional pain and anguish and the humiliation and

20   embarrassment of consumer credit denials.

21   **211.**   Defendant CRA's conduct, action and inaction was willful, rendering it

22   liable for punitive damages in the amount to be determined by the Court pursuant to

23   **15 U.S.C. §1681i.** In the alternative, it was negligent, entitling Plaintiff TUCK

24   to recover under **15 U.S.C. §1681i.**

25   **212.**   Plaintiff TUCK is entitled to recover attorneys fees from defendant's in an

26   amount to be determined by the Court pursuant to **15 U.S.C. §1681n** and/or **§1681o.**

27   **WHEREFORE,**   Plaintiff, TUCK, respectfully requests judgement be entered

28   against defendant's TU, EISI and EISL for the following:

213.   Declaratory judgement that the Defendant's illegal conduct violated **15 U.S.C. §1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i** of the **California Civil Code** state counterparts.

214.   Statutory damages of $1,000.00 for <u>each</u> violation pursuant to **15 U.S.C. §1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i** of the **California Civil Codes.**

215.   Costs and reasonable attorneys fees pursuant to **15 U.S.C. §1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i .**

216.   Any other relief that this Honorable Court deems appropriate.

## XVIII.  PRAYER

I, ZACH TUCK, the Plaintiff In Pro Se, in the above-entitled Complaint respectfully prays for judgment as follows:

217.  For actual, general and special damages according to the proof at trial;

218.  For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.

219.  For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

220.  For attorney's fees where authorized by statute or law;

221.  For costs and expenses of suit; and

222.  For such other relief as the court deems just and proper.

## XVIIII.  DEMAND FOR JURY TRIAL

223.   Plaintiff ZACH TUCK hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this _10 th_ day of July 2019.

Zach Tuck
1600 E. Vista Way #85
Vista, CA 92084
Ph: 619-887-3732
office@palms2u.com
Plaintiff In Pro Se

## XI. VERIFICATION
## DECLARATION OF PLAINTIFF ZACH TUCK

**I, ZACH TUCK**, declare as follows:

**224.**   I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**225.**   I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**226.**   I have been damaged *financially*, *socially* and *emotionally* since August of 2015 as a direct result of Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 unlawful actions and conduct including more than [20] twenty calls to my emergency cellular phone.

**227.**   I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both *true and correct*.

**228.**   I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**229.**   Plaintiff TUCK demands judgement for damages against Defendant's PRA, PRAG, DCI, CALI, NCA, ERC, ARSNI, FSA, AFNI, NCFSI, NC, RF, WFB, WFCS, AORMI, SAI, TU, EISI, EISL and DOES 1-10 for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Dated this _10_ day of July By:  _____

ZACH TUCK, Plaintiff In Pro Se

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS113398
Cashier ID: fjaimes
Transaction Date: 07/10/2019
Payer Name: ZACK TUCK
------------------------------------
CIVIL FILING FEE
For: ZACK TUCK
Case/Party: D-CAS-3-19-CV-001270-001
Amount:           $400.00
------------------------------------
CASH
Amt Tendered: $400.00
------------------------------------
Total Due:        $400.00
Total Tendered:   $400.00
Change Amt:       $0.00


There will be a fee of $53.00
charged for any returned check.