UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACH TUCK,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, L.L.C. et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-CV-1270-CAB-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>[Doc. No. 70] |

Before the Court is Defendant Portfolio Recovery Associates, LLC's ("PRA") motion to dismiss Plaintiff's first amended complaint ("FAC"). [Doc. No. 70.] The Court deems the motion suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Plaintiff's FAC is dismissed with prejudice.

**I.　　BACKGROUND**

On July 10, 2019, Plaintiff Zach Tuck proceeding *pro se*, filed his initial complaint against nineteen defendants alleging violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

1

("FCRA"); the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq*. ("CCRAA"); and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. ("Rosenthal Act" or "RFDCPA"). On October 16, 2019, the Court dismissed Plaintiff's complaint with leave to amend for failing to comply with Rule 8 due to Plaintiff's broad, conclusory allegations against all defendants generally and under Rule 12(b)(6) for failing to sufficiently plead a claim under each of the statutes identified above. [Doc. No. 61.] On October 21, 2019, Plaintiff filed his FAC. [Doc. No. 65.] The FAC is alleged against only Defendant Portfolio Recovery Associates, LLC. [*Id.*] In addition to removing the remaining defendants from his initial complaint, Plaintiff also removed his TCPA claims. [*Id.*]

As to specific allegations against PRA, the FAC alleges that in December 2017, Plaintiff discovered delinquent accounts reported by PRA which he disputed. [*Id*. at ¶¶ 28–34.]

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)

("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

As an initial matter, Plaintiff's failure to oppose PRA's motion to dismiss constitutes consent to granting the motion. The motion to dismiss was filed on November 4, 2019 and set a hearing date (for briefing purposes only) of December 16, 2019.[1] Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of nonopposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of December 16, 2019, Plaintiff's opposition to the motion to dismiss was due on December 2, 2019. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* S.D. Cal. CivLR 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

---

[1] It appears Defendant PRA incorrectly set a hearing date seven days beyond the thirty-five-day requirement under the Court's Chambers Rules section II. A. The hearing date (for briefing purposes) should have been set for December 9, 2019, requiring Plaintiff to file his opposition by November 25, 2019. However, Plaintiff has failed to oppose even with the additional time given.

3

sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Plaintiff has previously filed several notices of settlements, joint motions to dismiss, and oppositions to the previous motions to dismiss in this case. [Doc. Nos. 43, 44, 53.] Plaintiff also jointly filed motions to dismiss other defendants in this case after the pending motion to dismiss was filed by PRA. [Doc. Nos. 72, 73.]

Accordingly, the Court assumes the lack of opposition to PRA's motion to dismiss is intentional and constitutes Plaintiff's consent to the granting of the motion. Here, while the Ghazali factors support granting the motion based on the lack of opposition alone, upon review of the motion and Plaintiff's FAC, the Court finds that Plaintiff failed to remedy the deficiencies identified in the Court's previous Order dismissing the complaint with leave to amend and that no argument in opposition could possibly persuade the Court otherwise. Plaintiff's FAC, much like his initial complaint, alleges misconduct by parroting statutory language under each of Plaintiff's causes of action.

Plaintiff's FCRA allegations are limited to 15 U.S.C. § 1681s-2(a). [Doc. No. 65 at ¶ 41.] As the Court stated in its previous Order, there is no private right of action under section 1681s-2(a); a violation of this section can be pursued only by federal or state officials, and not by a private party. *See* 15 U.S.C. § 1681s-2(c)(1); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009).

Plaintiff's CCRAA allegations are merely restatements of the statute and its specific provisions under sections 1785.25(c), 1785.26(b), 1785.30, and alleged against all the defendants generally. [Doc. No. 65 at ¶ 44.] Plaintiff's CCRAA claims are preempted by the FCRA. The FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). The Ninth Circuit has held that section 1785.25(a) is the only substantive CCRAA furnisher provision specifically saved by the FCRA. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888–89 (9th Cir. 2010).

Lastly, Plaintiff also fails to cure the deficiencies in his FDCPA and RFDCPA

claims. In the Court's previous Order, it stated that proving the existence of a "debt" is a "threshold" issue in every FDCPA action. *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004). Plaintiff again fails to plead any facts to support his allegations that the financial obligation in question was a "debt" under 15 U.S.C. § 1692a(5) or a "consumer credit transaction" under Section 1788.2(e) of the California Civil Code.

Accordingly, Defendant PRA's motion to dismiss Plaintiff's FAC is **GRANTED** and Plaintiff's FAC is **DISMISSED with prejudice** based on the lack of opposition, on its merits, and for failing to cure the deficiencies the Court outlined in its previous Order dismissing the initial complaint.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant PRA's motions to dismiss. Plaintiff's FAC is **DISMISSED with prejudice** and the Clerk of Court is instructed to close this case.

It is **SO ORDERED**.

Dated:  December 3, 2019

Hon. Cathy Ann Bencivengo
United States District Judge